COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


M&A TECHNOLOGY, INC.,


 Appellant,


v.


IVALUE GROUP, INC., A/K/A
EXPLORE, INC. AND JULIAN ROSS,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00022-CV



Appeal from the


44th District Court


of Dallas County, Texas


(TC#02-09794-B)


OPINION ON MOTION FOR REHEARING AND REMITTITUR


 After this Court reversed the trial court's judgment and remanded for a new trial, IVG filed
a motion for rehearing and voluntary remittitur, asking that we accept the remittitur and affirm the
judgment as reduced, and that we sever M&A's claims against Ross. We reject IVG's voluntary
remittitur and deny its motion for rehearing.

Remittitur

 The Texas Rules of Appellate Procedure provide that if an appellate court reverses a
judgment because of a legal error that affected only part of the damages awarded, the affected party
may voluntarily remit the amount believed to cure the error. Tex. R. App. P. 46.5. If the voluntary
remittitur is sufficient to cure the error, the appellate court must accept it and affirm the judgment
as reformed. Id. However, if the voluntary remittitur is not sufficient, but the court determines that
remittitur is appropriate, the court must suggest a proper remittitur. Id.

 IVG requested to voluntarily remit $800,000, believing that amount will cure the reversible
error in this case. IVG bases the $800,000 on language in this Court's opinion that Ratliff's
testimony supported a jury award of $2.2 million in actual damages, not $3 million. See M&A Tech.,
Inc. v. iValue Group, Inc., No. 08-08-00022-CV, -- S.W.3d --, 2009 WL 2456289, at *8-9 (Tex.
App.-El Paso Aug. 12, 2009, no pet. h.) (not yet reported). This Court never held that the evidence
was legally and factually sufficient to sustain a jury award of $2.2 million. Id. Rather, we found it
unnecessary to address M&A's argument that the cost method employed by Ratliff, which failed to
rely on economic obsolescence, was error when Ratliff's testimony, at most, would only appear to
support a jury award of $2.2 million. Id. Because we never determined that the evidence was
actually sufficient to support an award of $2.2 million, we find IVG's remittitur of $800,000
insufficient to cure the error.

 Nevertheless, if we determine that remittitur is appropriate, we must suggest a proper
remittitur. Tex. R. App. P. 46.5. In this case, Ratliff's cost-method reasoning is flawed; therefore,
the evidence is insufficient to support an award on any amount and remittitur is not appropriate. See
Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 712-14 (Tex. 1997) (unreliable
scientific expert testimony is legally no evidence); Plunkett v. Connecticut General Life Ins. Co., 285
S.W.3d 106, 116 (Tex. App.-Dallas 2009, pet. filed) (inferences and opinions drawn either from
unreliable foundational data or flawed methodology and reasoning are unreliable and legally no
evidence).

Analysis of Cost-Method Approach

 Part of the cost-method approach requires consideration of whether the earnings of the
business "are capable of providing a reasonable rate of return on all the property devoted to the
enterprise." See Gordon V. Smith & Russell L. Parr, Valuation of Intellectual Property and
Intangible Assets 206 (3rd ed. 2000). Although Ratliff valued the e-commerce platform at $1.8
million and the hardware and software component at $.4 million, his estimation of future revenue
was purely speculative. See M&A, 2009 WL 2456289, at *8. We also note that Ratliff's valuation
was based on estimates he collected from website costs and the costs incurred by profitable
companies with developing similar technology. But as we noted in our opinion, IVG was a small
unproven entity and did not compare to large, profitable companies. See M&A, 2009 WL 2456289,
at *9. Thus, there is no way to determine whether IVG's future earnings were capable of providing
a reasonable return on its historical cost, i.e., the cost to rebuild the e-commerce platform and the
hardware and software component. In other words, Ratliff's opinion was based on flawed
methodology and reasoning, and therefore, was no evidence of actual damages under the cost-method approach. See Havner, 953 S.W.2d at 712-14; Plunkett, 285 S.W.3d at 116.

 Accordingly, without any evidence of actual damages, remittitur will not cure the reversible
error in this case. See Tex. R. App. P. 46.5. We reject IVG's request for voluntary remittitur.

Severance

 IVG also asks that we sever M&A's claims against Ross and only remand for a partial new
trial. IVG's request is predicated on our acceptance of the remittitur. See Tex. R. App. P. 46.5
(when the voluntary remittitur is sufficient to cure the error, the appellate court must accept it and
affirm the judgment as reformed). Because we hold that remittitur is inappropriate, we decline to
sever M&A's claims against Ross and remand for a partial trial solely involving Ross' claims. 
IVG's motion for rehearing is denied.


 GUADALUPE RIVERA, Justice


September 30, 2009


Before Chew, C.J., McClure, and Rivera, JJ.